UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JONATHAN NEIRA MARQUEZ,

                      Plaintiff,

    -against-

ATTORNEY EVAN PRIESTON,

                      Defendant.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
22-CV-00416 (JMA) (LGD)

**AZRACK, United States District Judge:**

    Pro se plaintiff Jonathan Neira Marquez ("Plaintiff"), presently incarcerated at the Nassau County Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Evan Prieston ("Defendant"), his defense attorney in an underlying state criminal prosecution.  (Compl., ECF No. 1.)

    Currently before the Court is Plaintiff's application to proceed in forma pauperis ("IFP").  (See ECF No. 7.)  For the following reasons, Plaintiff's application is GRANTED, but the Complaint is dismissed sua sponte pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### I.    BACKGROUND

    Plaintiff's recent, extensive litigation history before this Court is recounted in this Court's December 6, 2022 Order in Neira v. Office of the District Attorney, No. 21-CV-06747-JMA-LGD (ECF No. 28.).

**A.**    **The Complaint**

    Plaintiff's Complaint is submitted on the Court's form for complaints brought pursuant to Section 1983 and names Prieston as the sole defendant.[1]  Plaintiff alleges that he was arrested on

---

[1]     The facts as set forth in this section are taken from the Complaint.  All material factual allegations in the Complaint are assumed to be true for the purposes of this Order.  See, e.g., Rogers v. City of Troy, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material

April 21, 2021. At his arraignment the following day, he was "impeded to be release by D.A. and prosecutor for prejudice and nonfactual reasons." Plaintiff's sister retained Defendant to represent Plaintiff in connection with his criminal proceedings by paying Defendant a $6,000 retainer. According to Plaintiff, Defendant "accepted payment without taking any steps in verifying if I had been arrested properly or in fact if any charges existed at the time of arrest." Defendant told Plaintiff that he "would be getting release following week in the months of May and June 2021." Instead, Plaintiff alleges, Defendant "has not once opposed in these unlawful procedures against me." Plaintiff seeks to recover damages in the amount of $15 million.

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of Plaintiff's declaration in support of his IFP application, together with his April 21, 2022 letter (ECF No. 15), the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's IFP application is granted. The Court vacates its February 23, 2022 Order denying IFP status. (ECF No. 9.)

### B. Standard of Review

The Prison Litigation Reform Act ("PLRA") requires courts to screen civil complaints brought by incarcerated persons against government entities, officers, or employees. See 28 U.S.C. § 1915A. Under the PLRA, a court must dismiss a plaintiff's complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). The IFP statute, 28 U.S.C. §

---

allegations in the complaint as true). Unless otherwise noted, all quotations from the Complaint appear without alterations.

1915(e)(2)(B), requires a court to dismiss an action for the same reasons. See Abbas v. Dixon, 480 F.3d 636, 639–40 (2d Cir. 2007) (applying both Sections 1915A and 1915(e)(2) where the plaintiff proceeded in forma pauperis).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)). As a result, the Court must construe the submissions of a pro se plaintiff "liberally, . . . reading such submissions to raise the strongest arguments they suggest." Nunez v. Mitchell, 836 F. App'x 71, 72 (2d Cir. 2021) (quoting McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017)). Pro se complaints "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see also Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

However, a pro se plaintiff still must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (citing Twombly, 550 U.S. at 556). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

**C.    Section 1983**

Section 1983 provides that

3

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "does not confer any substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred[.]" Vill. of Freeport v. Barrella, 814 F.3d 594, 600 n.8 (2d Cir. 2016) (internal quotation marks and citation omitted). "To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." McGugan v. Aldana-Bernier, 752 F.3d 224, 229 (2d Cir. 2014) (citations omitted).

It is well-established that Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted); see also Ciambriello v. Cty. of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). However, a private actor may act under color of state law for purposes of Section 1983 if they are a "'willful participant in joint activity with the State or its agents.'" Ciambriello, 292 F.3d at 324 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). "To establish joint action, a plaintiff must show that the private citizen and the state official shared a common unlawful goal; the true state actor and the jointly acting private party must agree to deprive the plaintiff of rights guaranteed by federal law." Anilao v. Spota, 774 F. Supp. 2d 457, 498 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). Alternatively, Section 1983 liability may also extend to a private party who conspired with a state actor to violate the plaintiff's constitutional rights. Ciambriello, 292 F.3d at 323–24. To show that there was a conspiracy between a private actor and the state or its agents, a plaintiff must provide evidence of "(1) an agreement between a state actor and a private party; (2) to act in concert

4

to inflict an unconstitutional injury; and (3) an overt act in furtherance of that goal causing damages." Id. at 324–25.

Here, Plaintiff alleges that Defendant was retained as his attorney in underlying state court criminal proceedings. However, he alleges no facts from which the Court could reasonably construe Defendant's actions to have been taken under color of state law—whether under a theory of joint action or conspiracy. He merely alleges that Defendant has "not opposed in these unlawful procedures against me." Accordingly, Plaintiff's Section 1983 claim against Defendant is not plausible and is thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). See Pittman v. Brosi, No. 22-CV-01757, 2022 WL 2161401, at *3 (E.D.N.Y. June 15, 2022) (dismissing Section 1983 claims against private defense attorney in the absence of any state action).

**D.     Americans with Disabilities Act**

In describing the relief that he seeks, Plaintiff writes, "[a]s a citizen and professional representing (ADA) Administration Disability Act. I thank you in advance for consideration the court and jury examine and review such prejudice discrimination." According to the Complaint, Plaintiff "was diagnosed legally blind, TBI and cortical blindness." Given the Court's obligation to construe Plaintiff's submissions "liberally, . . . reading such submissions to raise the strongest arguments they suggest," Nunez, 836 F. App'x at 72 (citation omitted), the Court construes this as a claim asserted under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.

However, his ADA claim fails because he "does not allege that Defendant[ ] acted 'due to [his] disability,'" Speer v. Norwich Pub. Utilities, 2022 WL 852968, at *1 (2d Cir. Mar. 23, 2022) (summary order) (quoting Hamilton v. Westchester Cty., 3 F.4th 86, 91 (2d Cir. 2021)), or that his "disability made it difficult in any way for [him] to access benefits" and required a reasonable

5

accommodation. Id. (quoting Tardif v. City of New York, 991 F.3d 394, 405 (2d Cir. 2021)). As this claim is premised on an "indisputably meritless legal theor[y]," it must be dismissed. Id.

E.     **State Law Claims**

Federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a court "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3). The Supreme Court has explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the Complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state law claims contained in the Complaint and dismisses any such claims without prejudice.

F.     **Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)) (internal quotation marks omitted). Indeed, a pro se plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his

complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)). Nevertheless, "a district court may deny leave to amend when amendment would be futile." Id. (internal quotation marks and citation omitted).

Here, the Court has carefully considered whether Plaintiff should be granted leave to amend his Complaint. Because the defects in Plaintiff's claims are substantive and could not be cured in an amended pleading, amendment would be futile. Thus, leave to amend is denied.

### III. CONCLUSION

For the reasons stated above, Plaintiff's IFP application is granted. The Court vacates its February 23, 2022 Order denying IFP status. (ECF No. 9.)

However, the Complaint is sua sponte dismissed, with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). The Court also declines to exercise supplemental jurisdiction over any potential state law claims contained in the Complaint and dismisses any such claims without prejudice. Finally, leave to amend the Complaint is denied.

The Clerk of Court is directed to: (1) enter judgment accordingly; (2) mail a copy of this Order and judgment to Plaintiff at his address of record[2]; and (3) mark this case closed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal in forma pauperis, such status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

---

[2] The Clerk of Court is additionally directed to updated Plaintiff's address of record to reflect his current incarceration at NCCC, 100 Carman Avenue, East Meadow, NY 11554. See ECF No. 27, Case No. 22-CV-06747.

**SO ORDERED.**

Dated:      December 6, 2022
              Central Islip, New York                              /s/ (JMA)
                                                                        JOAN M. AZRACK
                                                                        UNITED STATES DISTRICT JUDGE